IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ANDLER,

       Plaintiff,

v.                                                                                         CV 13-0296 KG/WPL

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security Administration,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EAJA**

This matter is before the Court on Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act. (Doc. 30.) Plaintiff's counsel seeks $5,382.11 for 29.00 hours of work at a rate of $185.59 per hour. Defendant does not object to the motion. (Doc. 32.) Having considered the briefs and the applicable caselaw, and being otherwise fully advised in the matter, the Court grants in part and denies in part the motion and awards $5,196.52 in reasonable attorney fees.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action, including proceedings for judicial review of agency action," provided that the position of the United States was not substantially justified and no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished) (citing

*Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)). However, an award of fees should be reasonable, and the reasonableness of the number of hours billed lies within the discretion of the Court. *See Jean*, 496 U.S. at 161 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The "fees and other expenses" compensable under the EAJA plainly include legal work by a party's attorney, and the Supreme Court has previously approved the payment of paralegal services under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577 & n.3 (2008). However, the EAJA does not authorize compensation for purely clerical work and overhead expenses. *See Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004)); *see also Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA request to the district court to determine, *inter alia*, which services are "clerical rather than legal"); *Champlin v. Colvin*, No. 12-cv-000425-RBJ, 2013 WL 3303636, at *3 (D. Colo. July 1, 2013) (unpublished) (noting that "an attorney cannot recover for paralegal time that is purely clerical work" under the EAJA). Such noncompensable work includes "docketing, directing service and preparing client letters," among other matters. *See White v. Barnhart*, No. 05-2856, 2006 WL 2433835, at *6 (E.D. Pa. Aug. 18, 2006) (unpublished) (citations omitted).

Here, it is apparent that the vast majority of the 29 hours of work performed by Plaintiff's attorney was compensable as legal or paralegal services under the EAJA. However, the Court determines that approximately 1.00 hour of services logged by Plaintiff's attorney constituted clerical work and that a commensurate reduction in the EAJA fee award is appropriate. The Court reaches this determination based on a finding that the following underlined matters submitted by Plaintiff's counsel are for clerical or administrative work and that the noted reduction of hours billed is appropriate:

| Date | Description | Hours Sought | Reduction of Hours |
|---|---|---|---|
| 7/12/13 | Reviewed summons returns and calendared date for Defendant's answer | 0.25 | -0.25 |
| 9/9/13 | Received, reviewed, and downloaded Defendant's answer and transcript. | 0.50 | -0.10 |
| 9/11/13 | Received and reviewed Magistrate Judge's scheduling order, noted specifics, updated calendar to reflect due dates | 0.25 | -0.15 |
| 2/27/14 | Drafted notice of completion of briefing | 0.25 | -0.25 |
| 3/31/14 | Spoke with client regarding remand, drafted correspondence to client | 0.50 | -0.25 |

The Court agrees with Plaintiff's assertion, undisputed by Defendant, that Defendant's position in defending against this action was not substantially justified. Further, the remaining 28.00 hours of services documented by Plaintiff's counsel constituted work reasonably expended on the litigation, and the hourly rate of $185.59 sought by Plaintiff is also reasonable. *See Hensley*, 461 U.S. at 433. The Court therefore finds that an award of $5,196.52 under the EAJA is therefore reasonable and appropriate in this case.

IT IS THEREFORE ORDERED THAT the motion is GRANTED IN PART AND DENIED IN PART, and Plaintiff is awarded $5,196.52 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.